UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FRANCK'S LAB, INC.,
PRODUCTS LIABILITY LITIGATION                                              MDL No. 2454

TRANSFER ORDER

**Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, defendants Franck's Lab, Inc., and Franck's Pharmacy, Inc. ("Franck's") move for centralization of this litigation in the Eastern District of Louisiana.  This litigation currently consists of 21 actions pending in six districts, as listed on Schedules A and B.[1]  The actions listed on Schedule A primarily involve injuries allegedly caused by pharmaceutical products compounded by the Franck's defendants that were contaminated by fungus or other toxins and resulted in rare eye infections, blindness, and other injuries.  Plaintiffs in these tort actions support centralization but request the Central District of California as the transferee district. The action listed on Schedule B is a declaratory judgment action by Evanston Insurance Company ("Evanston") concerning whether it has a duty to defend or indemnify Franck's in connection with the tort actions on Schedule A.

All responding defendants except Evanston support centralization.[2]  Evanston represents that it is neutral as to the tort actions, but requests that transfer of the declaratory judgment action be denied.  At the hearing session, all parties represented that the declaratory judgment action listed on Schedule B has reached an advanced stage, and should be excluded.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions share factual questions relating to injuries arising from the alleged contamination of pharmaceutical products compounded and distributed by Franck's Lab and Franck's Pharmacy – primarily, Brilliant Blue G, Triamcinalone, and Avastin – which were the subject of recall notices issued from March through May 2012.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

---

[*]  Judge Sarah S. Vance took no part in the decision of this matter.

[1]  The Panel has been notified of two related actions.  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2]  The responding defendants are Wells Pharmacy Network and The Cincinnati Insurance Company.

-2-

The Panel has reviewed the proceedings in the *Evanston Insurance* declaratory judgment action listed on Schedule B, and determined that it should be excluded in light of the advanced posture of the action. The court recently bifurcated proceedings on the duty to defend and duty to indemnify issues, and dispositive motions on the duty to defend are due this month. All parties are in agreement that, in light of these developments, the action should be excluded, and we agree.

We conclude that the Eastern District of Louisiana is an appropriate transferee district for this litigation. The four actions pending in this district are the most advanced of the tort actions, and this district is more conveniently located to Florida, the locus of events and witnesses. Judge Kurt D. Engelhardt is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Kurt D. Engelhardt for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that transfer of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil        Paul J. Barbadoro
Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan

IN RE: FRANCK'S LAB, INC.,
PRODUCTS LIABILITY LITIGATION                                MDL No. 2454

## SCHEDULE A

### Central District of California

Cheryl Avakian v. Frank's Lab, Inc., et al., C.A. No. 2:13-01068
Roy Romero, et al. v. Franck's Lab, Inc., et al., C.A. No. 2:13-01335
Joseph Cotugno, et al. v. Franck's Compounding Lab, et al., C.A. No. 2:13-01360
Migdalia Aguilar, et al. v. Franck's Lab, Inc., et al., C.A. No. 2:13-01371
Levon Jingozian v. Franck's Lab, Inc., et al., C.A. No. 2:13-01468
Sergio Hambav, et al. v. Franck's Lab, Inc., et al., C.A. No. 2:13-02058
Ester Gonzalez, et al. v. Franck's Lab, Inc, et al., C.A. No. 2:13-02358
Ema Arakelian v. Franck's Pharmacy Inc., et al., C.A. No. 2:13-02437
Natividad Lopez v. Franck's Lab, Inc., et al., C.A. No. 2:13-02445
Jim Hermanson, et al. v. Franck's Lab, Inc., et al., C.A. No. 5:13-00432

### District of Colorado

Randy Brown v. Franck's Lab, Inc., et al., C.A. No. 1:13-00846

### Northern District of Indiana

Josephine Bienick v. Franck's Lab, Inc., C.A. No.1:12-00197
Eldon Wayne McKinley v. Franck's Lab, Inc., C.A. No. 1:13-00060
Bernice Tharp v. Franck's Lab, Inc., et al., C.A. No. 1:13-00061

### Eastern District of Louisiana

Ruth Smith v. Franck's Lab, Inc., et al., C.A. No.2:12-02398
Michele Laventhal v. Franck's Lab, Inc., et al., C.A. No. 2:12-02608
James Johnson, Jr. v. Franck's Lab, Inc., et al., C.A. No. 2:12-02738
Susan Kappelman, et al. v. Wells Pharmacy Network, L.L.C., et al., C.A. No. 2:12-02838

### District of Nevada

Howard McMaster v. Franck's Lab, Inc., et al., C.A. No. 3:13-00100
Brenda Hess v. Franck's Lab, Inc., et al., C.A. No. 3:13-00121

## SCHEDULE B

### Middle District of Florida

Evanston Insurance Company v. Franck's Lab, Inc. et al., C.A. No. 5:12-00603